**In the Matter of Samuel O. KUFLIK, Appellant.**

**No. 341, Docket 28842.**

United States Court of Appeals
Second Circuit.

Argued Feb. 18, 1965.

Decided March 8, 1965.

Samuel O. Kuflik, New York City, appellant, pro se.

Before WATERMAN, FRIENDLY and HAYS, Circuit Judges.

PER CURIAM.

In February 1961, appellant Kuflik and his then law partner, one Sable, commenced an action in the United States District Court for the Southern District of New York for one Boucher against the Pennsylvania Railroad Company. The written retainer provided that the attorneys would receive one-third of any

amount that plaintiff might recover. The law partnership was dissolved in May 1961, but any income later to be received from pending professional business was to be shared equally, Sable's share being subject to his indebtedness to the firm, an indebtedness still existing.

Six months after the partnership was dissolved one Joseph Matera, Jr. was substituted as attorney for plaintiff; plaintiff agreed that substituted counsel should enjoy the same one-third percentage of any recovery; and all counsel, with plaintiff's knowledge, agreed that this one-third should be divided equally between Matera and the former counsel. Over a year and a half later, in June 1963, Sable was disbarred for conduct unconnected with the case of Boucher v. Pennsylvania. In December 1963, the case was settled for $45,000, and, despite the agreement of Boucher, Matera, Sable and Kuflik, which agreement appears to have been satisfactory to them all, the court below, after a hearing which the court initiated awarded Matera his $7500, Kuflik $2000, and the balance of the agreed fee of $15,000, being $5500, to Boucher. Kuflik appealed this order, the railroad has held the disputed $5500 in escrow pending determination of the appeal, no briefs or opposition papers have been filed in this court by Boucher, Matera, the Pennsylvania Railroad, Sable, or any other person, and the argument before us proceeded ex parte.

■■ Among the grave responsibilities that must be shouldered by judges is that of the supervision of the administrative processes of judicature lest, though it would appear that justice is done, injustice result, and we do not disapprove of the interest shown by the judge below in making inquiry into the retainer arrangements Boucher had with his lawyers. Nevertheless, no overreaching and no fraud in those arrangements was discovered, and there has been no dissatisfaction therewith expressed by the contracting parties; therefore, as no application was made to the court by anyone requesting the court's intervention in the settlement of these arrange-

ments, we believe we are required to grant the relief Kuflik requests and to direct the award to him of the withheld $5500 sum.

Accordingly, the case is remanded, Kuflik to receive the withheld $5500 and to account to Sable for Sable's share in accordance with their agreements and applicable law.